UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AQUEELAH SOVEREIGN EL BEY,

                        Plaintiff,

               -against-                      19-CV-9978 (LLS)

MICHAEL C. LOPEZ, ROCHESTER CITY         ORDER
COURT CRIMINAL AND CIVIL DIVISION
DOING BUSINESS AS MAGISTRATE, et al.,

                        Defendants.

LOUIS L. STANTON, United States District Judge:

       Defendant Aqueelah Sovereign El Bey, who is appearing *pro se*, filed a notice of removal seeking to remove to this Court "All UNCONSTITUTIONAL Citations — Summons / Ticket — Suit (misrepresented) Bill of Exchange: Number 27197710, CR#18-158058, 18CR032826, CR-17-142843, CR-15-209945, CR-01102-18, CR-18-31609, CR-15-69546, CR-18-216346, CR-18-158058, CR-15-209945, CR-02492-15, Case no:18040046 and any other 'Order' or 'Action' associated with it /them" pending in the Rochester City Court Criminal and Civil Division. (ECF No. 2 at 12.)[1] By order dated March 13, 2020, the Court granted Defendant's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[2] For the reasons set forth below, this action is remanded to the Rochester City Court Criminal and Civil Division.

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

[2] The notice of removal was originally filed by Aqueelah Sovereign El Bey and Abdul Hadi El Bey. Because Plaintiffs submitted this action without an IFP application from Abdul Hadi El Bey, by order dated October 30, 2019, the Court directed Plaintiffs to either pay the $400.00 in fees or have Abdul Hadi El Bey submit a completed and signed IFP application within thirty days. (ECF No. 3.) By order dated December 23, 2019, the Court dismissed Abdul Hadi El Bey for his failure to comply with the Court's October 30, 2019 order. (ECF No. 4.)

## STANDARD OF REVIEW

A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## DISCUSSION

Removal of this case is improper. First, Defendant's notice does not comply with 28 U.S.C. § 1446(a), which requires that a defendant removing an action to federal district court file "a short and plain statement of the grounds for removal" and "cop[ies] of all process, pleadings, and orders" that were served upon him. Defendant's notice is not the model of clarity, and other than providing the case numbers indicated above, Defendant fails to detail the nature of those actions and the grounds for removal to this Court. Defendant also fails to provide copies of all process, pleadings, and orders that were served upon her.

Second, civil actions may be removed only to the federal court embracing the place where the state action is pending. 28 U.S.C. § 1441(a). Defendant states that the matters she seeks to remove to this Court are or were pending in the Rochester City Court Criminal and Civil Division. Rochester, New York, is not located within this District; it is in Monroe County, which is in the Western District of New York. *See* 28 U.S.C. § 112(d).

Third, the notice of removal is untimely. A notice of removal must be filed within 30 days of the defendant's receipt of a pleading, motion or other paper indicating grounds for removal. 28 U.S.C. § 1446(b). Based on the case numbers provided by Defendant, the matters she seeks to remove to this Court were filed in 2015, 2017, and 2018. It seems more than likely that Defendant's notice of removal, filed in this Court on October 24, 2019, is filed well beyond 30 days of Defendant's receipt of a pleading, motion or other paper indicating grounds for removal with respect to those matters.

For all of these reasons, the Court concludes that this case may not be removed. Thus, the action is remanded to the Rochester City Court Criminal and Civil Division. *See Mitskovski*, 435 F.3d at 131 (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Defendant and note service on the docket.

Because removal of this action is improper, the Court remands this action 28 U.S.C. § 1447(c) to the Rochester City Court Criminal and Civil Division. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters are terminated.

SO ORDERED.

Dated:    March 20, 2020
           New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.